## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD CAMPBELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6115** |
| **FIREMAN'S FUND INSURANCE COMPANY** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Defendant Fireman Fund Insurance Company's ("FFIC") Motion to Dismiss Plaintiff's Extra-Contractual Claims for Failure to Comply with the Scheduling Order. (Rec. Doc. 28). The Court has reviewed the parties' briefs and the applicable law and now issues this Order & Reasons.

## I.      BACKGROUND

This case arises from damage caused by Hurricane Isaac to Plaintiff Dr. Edward Campbell's property in Metairie, Louisiana. According to Dr. Campbell, Defendant Fireman's Fund Insurance Company ("FFIC") insured his home and its contents up to $5,000,000.00. Dr. Campbell claims that his home was substantially damaged by Hurricane Isaac and that he was forced to vacate his home and live elsewhere for an extended period of time. He contends that he is entitled to compensation for these additional living expenses. Dr. Campbell also claims that he should be compensated for some of the rare and expensive contents of his home. According to Dr. Campbell, FFIC has paid $150,000 toward settlement of his claim but his damages total approximately $5,000,000.00.

On October 10, 2013, FFIC removed the case to this Court pursuant to this Court's diversity jurisdiction. On December 2, 2013, FFIC filed an answer in which it asserted various

defenses.  FFIC claims that the value of Dr. Campbell's contents is in dispute.  FFIC claims that various exclusions were contained in the policy, including a water damage exclusion and weather condition exclusion.

This case has progressed slowly, with multiple status conferences and requests to the Court to help facilitate discovery.  This enduring stalemate came to a head when the Court convened a telephone status conference on November 7, 2014, and the Court ultimately ordered Dr. Campbell to "submit the nature of his claim, with specificity, and include any and all supporting documents, with bates stamps, on or before December 8, 2014." (Rec. Doc. 21).  The Court also ordered the parties to submit an amended proposed scheduling order, which the Court entered on November 17, 2014.  Also on that day, Dr. Campbell's former counsel withdrew representation, and Dr. Campbell substituted counsel.

## II.    PRESENT MOTION

FFIC filed a Motion to Dismiss Plaintiff's Extra-Contractual Claims for Failure to Comply with the Scheduling Order on December 5, 2014.  (Rec. Doc. 28).  FFIC argues that this Court should dismiss Dr. Campbell's extra-contractual claims as a sanction for Campbell's continuous refusal to comply with the Court's deadlines pursuant to Rule 37 and Rule 41.  (Rec. Doc. 28-1 at 4).  FFIC notes that "Plaintiff has either entirely failed to comply with the above deadlines or complied in such a substandard way that FFIC has no way of knowing what Plaintiff is claiming."  (Rec. Doc. 28-1 at 2).   FFIC contends that Campbell satisfies the Fifth Circuit's necessary conditions for dismissal and argues that Campbell continues to disregard Court deadlines despite this Court's efforts to stress the importance of those deadlines.  FFIC notes that

> [t]rial is now five months away, and the parties have still not taken a single deposition because Plaintiff has not submitted his claim with the supporting documentation needed.  FFCI is now in a position where it will have to analyze all new documents produced by Plaintiff, take all expert depositions, obtain experts

to respond to Plaintiff's experts retained after the original deadline, and complete
all fact witness depositions in less than five months.

(Rec. Doc. 28-1 at 5).

Dr. Campbell opposes the motion and argues that the facts of the case do not warrant the
"draconian" penalty of dismissal.  Looking to the Fifth Circuit's four necessary conditions for
dismissal, Dr. Campbell notes that the delays were not due to bad faith on his part, but rather,
matters beyond Dr. Campbell's control caused the delay.  (Rec. Doc. 38 at 6).  Specifically, Dr.
Campbell maintains that the delays can be attributed to his affliction with toxic mold fog and the
illness/personal problems of Dr. Campbell's prior counsel.  (Rec. Doc. 38 at 6-8).  Dr. Campbell
highlights the progress made on the case since he substituted counsel, and the fact that Dr.
Campbell has cooperated with his counsel to accomplish these tasks, thus undermining any
argument that he is to blame for prior delays.  (Rec. Doc. 38 at 8).  These litigation advances
include (1) bates labeling and producing Dr. Campbell's supplemental documents; (2) preparing
thirteen expert reports within the deadlines imposed by the new scheduling order; (3) filing a
motion to amend the witness list to include those experts inadvertently excluded; (4) providing
FFIC with a twenty-five page outline setting forth the nature of Dr. Campbell's claims with
references to supporting documents; (5) granting FFIC's experts access to Dr. Campbell's home
in response to Dr. Campbell's expert reports; (6) requesting FFIC 30(b)(6) deposition; (7)
providing dates for the depositions of Dr. Campbell's experts to FFIC.  (Rec. Doc. 38 at 2-3).
Finally, Dr. Campbell notes that FFIC also bears responsibility for the delays because FFIC did
not take a single deposition, and "depositions are routinely taken in cases…before every
document is produced and linked neatly to a particular claim."  (Rec. Doc. 38 at 8).

### III.    LAW AND ANALYSIS

The Fifth Circuit has held that dismissal with prejudice is a severe sanction that is a "'draconian remedy' and a 'remedy of last resort.'"  *Connor*, 20 F.3d at 1380.  "[S]anctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993).  "The ultimate sanction for the litigant is dismissal of his case with prejudice.  The most extreme penalty should be imposed only after full consideration of the likely effectiveness of less-stringent measures." *Horbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984).

The Fifth Circuit has found dismissal appropriate only when the following conditions are met: "(1) the refusal to comply results from bad faith or willfulness and is accompanied by delay or contumacious conduct; (2) the violation is attributable to the client instead of the attorney; (3) the violating conduct substantially prejudices the other party; and (4) a less severe sanction would not achieve the same result." *Pipeline Const.& Maint., Inc. v. Arrow Engine Co.*, No. CIV. A 08-4941, 2010 WL 1552808 at *2 (E.D. La. Apr. 16, 2010).  Looking to the facts of this case, the Court is not persuaded that the Plaintiff's action, or inaction, satisfies these conditions. Much of the delay seems attributable to Dr. Campbell's prior counsel, as evidenced by the progress made since Dr. Campbell's new counsel assumed representation.  Moreover, the Court agrees with Dr. Campbell that bates stamping, putting a party's discovery materials into a suitable format, is the responsibility of the attorney, not the represented party.  Based on the progress of the case since Dr. Campbell secured new representation, the Court sees no reason why there should be any further delays and believes the litigation will continue to progress.

While the Court notes that FFIC may be prejudiced by the delays in this case, this prejudice can be cured by other, less severe sanctions.  One option is to continue the trial,

currently scheduled for April 27, 2015, and FFIC even indicated that it would seek such a continuance in the Amended Joint Proposed Scheduling Order.  (Rec. Doc. 27).  This action would be preferable over a dismissal of Dr. Campbell's extra-contractual claims.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that FFIC's Motion to Dismiss Plaintiff's Contractual Claims (Rec. Doc. 28) is hereby **DENIED.**

New Orleans, Louisiana this 12th day of January, 2015.

_____

UNITED STATES DISTRICT JUDGE